## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JILL MARCIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-1308 (ABJ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Jill Marcin has brought this action seeking review of a denial of disability benefits. Compl. [Dkt. # 1]. Defendants Reliance Standard Life Insurance Company ("Reliance") and the Mitre Corporation ("Mitre") Long Term Disability Insurance Program have moved to dismiss that portion of the claim that seeks penalties under section 1132(c) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(c) (2012). Defs.' Mot. to Dismiss at 1 [Dkt. # 4] ("Defs.' Mot."); Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 2 [Dkt. # 4-1] ("Defs.' Mem."). Because penalties under ERISA section 1132(c) are not available for the documents plaintiff seeks, and because defendant Reliance would not be subject to those penalties in any event, the Court will grant defendants' motion.

## BACKGROUND

Plaintiff was previously employed as a multi-discipline systems engineer at Mitre. Compl. ¶ 11. During her employment, plaintiff was covered by a group long-term disability insurance plan issued by Reliance. *Id.* ¶¶ 6–7. She filed a claim for long-term disability benefits in December 2007, citing "pain, discomfort, fatigue, and other related impairments" from renal

cancer, portal vein thrombosis, ovarian disease, and "other conditions and impairments." *Id.* ¶ 10; *see also Marcin v. Reliance Standard Life Ins. Co.*, 895 F. Supp. 2d 105, 108 (D.D.C. 2012). After exhausting her administrative remedies, plaintiff asked the Court to review Reliance's denial of her disability benefits. *Marcin*, 895 F. Supp. 2d at 105. The Court remanded the case to Reliance for reconsideration of its decision on September 28, 2012. *Id.* at 119.

Reliance continued to deny coverage, issuing its most recent denial on January 7, 2013. Compl. ¶ 19. Plaintiff unsuccessfully attempted to appeal the decision through Reliance's administrative procedures and then renewed her claim before the Court. Compl. ¶¶ 18–26. Plaintiff seeks reinstatement of her benefits, as well as back benefits, attorney's fees, and costs. *Id.* ¶ 27. In addition, and at issue here, plaintiff now seeks statutory penalties against defendants for their failure to produce the "disability durational guidelines" and "claims guidelines" that they allegedly relied upon when they denied her claim. *See* Pl.'s Opp. to Defs.' Mot. to Dismiss at 3, 15 [Dkt. # 5] ("Pl.'s Opp.").[1] Defendants have moved to dismiss plaintiff's claim for penalties on the grounds that these penalties are not available for the non-disclosure of the

---

[1] Plaintiff requested multiple documents from defendants and seeks statutory penalties for the alleged non-disclosure of all of them. *See* Compl. ¶ 25 (describing plaintiff's "requests for claims file documentation" including "all summary plan documents, governing claims manual provisions or handling instructions under which [her] claim was reviewed"); *id.* ¶ 29 (seeking penalties "as a result of the failure of Defendants to produce the documents requested"). But plaintiff's opposition to defendants' motion to dismiss her claim for penalties focuses exclusively on defendants' alleged failure to produce "disability durational guidelines" and "claims guidelines." *See* Pl.'s Opp. at 3–9 (detailing the importance of disability durational guidelines and citing various scholarly and medical opinions as to their benefits and limitations); *id.* at 15 (stating that "[p]laintiff has been prejudiced . . . by not having the claims guidelines available" to her); *id.* at 20 (discussing "the requested claims and disability duration guidelines"). As plaintiff has only opposed defendants' motion based on their alleged failure to provide the disability durational guidelines and claims guidelines, the Court will construe her claim for penalties to apply only to any non-disclosure of those documents.

guidelines involved, and that, even if they were, the penalties are not available against Reliance because it is not the "plan administrator" under ERISA. Defs. Mot. at 1.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*., quoting *Twombly*, 550 U.S. at 566. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in the plaintiff's favor, and the Court should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court

accept a plaintiff's legal conclusions. *See id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

## ANALYSIS

ERISA section 1132(c) makes penalties available against a "plan administrator" who fails to provide certain plan documents to a plan participant or beneficiary upon request. 29 U.S.C. § 1132(c). Here, plaintiff argues that defendants should be penalized under section 1132(c) for their failure to provide her with the disability durational guidelines and claims guidelines they allegedly relied upon when they denied her request for coverage. Pl.'s Opp. at 3. But the section 1132(c) non-disclosure penalties do not extend to the documents plaintiff seeks. Moreover, defendant Reliance is not subject to section 1132(c) penalties for the separate reason that it is not a "plan administrator" for purposes of ERISA. Therefore, the Court will grant defendants' motion to dismiss plaintiff's claim for penalties.

**I.      Section 1132(c) penalties are not available for the non-disclosure of the disability durational guidelines and claims guidelines.**

Under section 1132(c) of ERISA, "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary" may be "personally liable" for that "failure or refusal." 29 U.S.C. § 1132(c)(1). The "information" subject to non-disclosure penalties includes documents such as the "latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated," *id.* § 1024(b)(4), as well as automatic notices

from plan administrators at the start of coverage, automatic notices of rights at qualifying events, and annual statements of benefits. *See id.* §§ 1021(e)–(f), 1025(a), 1166(a)(1)–(4); *see also* 29 C.F.R. §§ 2560.502-1–2560.502i-1 (regulations implementing ERISA section 1132(c)).

But section 1132(c) penalties are not available to plaintiff because the documents she seeks fall under ERISA section 1133 and its related regulations, which govern "claims procedures" and do not impose penalties for non-disclosure. *See* 29 U.S.C. § 1133 (governing "claims procedures"); 29 C.F.R. § 2560.503-1 (2014) (entitled "[c]laims procedures" and stating "[i]n accordance with the authority of . . . 29 U.S.C. §§ 1133, 1135,[2] this section sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries"); *see also Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1270 (11th Cir. 2008) (noting that ERISA section 1133 "establishes the types of claims procedures that administrators are required to maintain").

Section 1133 states in full:

In accordance with regulations of the Secretary, every employee benefit plan shall--

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

---

2      ERISA section 1135 authorizes the Secretary of Labor to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this subchapter." 29 U.S.C. § 1135. It does not discuss penalties. *See id.*

The regulations at 29 C.F.R. § 2560.503-1 implement ERISA section 1133 and require that a claimant have "reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). A claim document is "relevant" if it "[w]as relied upon in making the benefit determination; [or] [w]as submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document . . . was relied upon in making the benefit determination . . . ." *Id.* § 2560.503-1(m)(8)(i)–(ii). There is no mention of penalties.

The disability durational and claims guidelines that plaintiff requested fall under the ERISA section 1133 regulations because, construing the facts in favor of plaintiff, they were "relied upon" or at least "considered . . . in the course of making [plaintiff's] benefit determination." *See id.* Indeed, that is the very reason plaintiff seeks them. *See* Pl.'s Opp. at 15 ("Plaintiff has been prejudiced during the administrative appeal process by not having the claims guidelines available to provide additional insight into the insurer's review process to assist her in preparing her administrative appeal."). Moreover, plaintiff herself argues that the section 1133 regulations required disclosure of the documents. *See id.* at 11–12.

But even if the ERISA section 1133 regulations required defendants to produce these documents to plaintiff, the statute does not impose monetary penalties for a failure to do so. Nothing in the text of the ERISA statute or regulations indicates that section 1132(c) penalties are available for violations of section 1133 or its regulations, and section 1133 does not provide for penalties. *See* 29 U.S.C. §§ 1132–33; *see also Byars*, 517 F.3d at 1270 (determining that section 1132 penalties were not available in part because "the regulations that [plaintiff] relied on as authority for her request do not apply to section 1132(c)(1), but rather apply to section 1133"). Moreover, these sections of ERISA do not even apply to the same actors: section 1132(c)

penalizes "plan administrator[s]," while section 1133 and 29 C.F.R. § 2560.503-1 govern the conduct of "employee benefit plans." *See Groves v. Modified Ret. Plan*, 803 F.2d 109, 116 (3d Cir. 1986) (holding that a "plan" and a "plan administrator" are distinct actors); *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75, 79 (6th Cir. 1993) (differentiating between a "plan" and a "plan administrator" for purposes of section 1133). Plaintiff cannot receive statutory penalties that are only available against "plan administrators" under section 1132 for the failure of her "employee benefit plan" to produce documents under regulations implementing section 1133. *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 615, 618 (6th Cir. 1992) (holding that section 1132(c) penalties do not apply to violations of section 1133 and its regulations based, in part, on the "plan administrator" and "benefit plan" distinction).

Thus, even if plaintiff is correct that defendants were required to produce the disability durational and claims guidelines she requested and failed to do so, plaintiff is not entitled to the

section 1132(c) penalties she seeks, and the Court will grant defendants' motion to dismiss the penalty claims.[3]

## II. Reliance cannot be liable for ERISA section 1132(c) penalties because it is not a "plan administrator."

In addition, Reliance is not subject to section 1132(c) penalties because it is not a "plan administrator" under ERISA. *See* 29 U.S.C. § 1132(c) (providing for penalties against "plan administrator[s]"). In this Circuit, an insurer cannot be subject to section 1132(c) penalties unless it is specifically designated as a plan administrator, or is the plan sponsor.[4] *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1138 (D.C. Cir. 1989). While plaintiff does not contend that Reliance is the designated plan administrator or the plan sponsor, she claims that it is subject to penalties nevertheless as the "de facto" plan administrator. Pl.'s Opp. at 17–18. But the D.C. Circuit requires that a plan administrator be expressly identified "*by the terms* of the instrument

---

3    The Court further notes that the regulations that implement the penalty provision of ERISA section 1132, which plaintiff invokes in her complaint, *see* Compl. ¶¶ 25, 29, plainly do not apply to the documents plaintiff seeks. *See* 29 C.F.R. § 2560.502-1 (addressing the form and content of requests for enforcement and how those requests shall be considered); *id.* § 2560.502c-2(a)(1) (providing for penalties against a plan administrator for failure to file an annual report); *id.* § 2560.502c-4(a)(1) (providing for penalties against a plan administrator for "failure or refusal to furnish: (i) Notice of funding-based limits . . . ; (ii) Actuarial, financial or funding information . . . ; (iii) Notice of potential withdrawal liability . . . ; or (iv) Notice of rights and obligations under an automatic contribution arrangement . . ."); *id.* § 2560.502c-5(a)(1) (providing for penalties against "the administrator of a multiple employer welfare arrangement . . . that is not a group health plan" for failure to file a certain report); *id.* § 2560.502c-6(a)(1) (providing for penalties against a plan administrator who fails to furnish certain documents to the Secretary of Labor); *id.* § 2560.502c-7(a)(1) (providing for penalties against a plan administrator "of an individual account plan . . . who fails or refuses to provide notice of a blackout period . . . [or] to provide notice of diversification rights"); *id.* § 2560.502c-8(a)(1) (providing for penalties against a "plan sponsor" for violations related to plans "in endangered or critical status"); *id.* § 2560.502i-1(a) (providing for a "civil penalty against a party in interest who engages in a prohibited transaction").

4    A plan sponsor is "defined . . . as 'the employer in the case of an employee benefit plan established or maintained by a single employer.'" *Davis*, 871 F.2d at 1138, quoting 29 U.S.C. § 1002(16)(B) (2012).

under which the plan is operated," not by implication. *Davis*, 871 F.2d at 1138 (emphasis added); *see also Walker v. Pharm. Research & Mfrs. of Am.*, 569 F. Supp. 2d 209, 219 (D.D.C. 2008) (interpreting *Davis* as "declining to recognize de facto plan administrators"). Reliance therefore is not the plan administrator and cannot be liable for penalties under ERISA section 1132(c).

## CONCLUSION

ERISA disclosure penalties under section 1132(c) are not available for the disability durational guidelines and claims guidelines plaintiff requested, and defendant Reliance is not a "plan administrator" subject to those penalties. Therefore, the Court will grant defendants' motion to dismiss plaintiff's claim for penalties. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: June 20, 2014